NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5082

PAUL A. PIPER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Paul A. Piper, of Sun City West, Arizona, pro se.

Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5082

PAUL A. PIPER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 09-CV-193, Judge Margaret M. Sweeney.

_____

DECIDED:    May 5, 2010

_____

Before MAYER, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Paul A. Piper appeals the order of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. See Piper v. United States, 90 Fed. Cl. 498 (2009). We affirm.

Piper is a retired United States Army officer and a retired civil servant. In December 2005, he responded to a newspaper advertisement by the Department of Homeland Security's Transportation Security Agency ("TSA") seeking applicants for transportation security officer positions. During the hiring process he specifically inquired whether his status as a retired federal employee would impact his TSA salary.

Federal retirees who are reemployed by the federal government must ordinarily have their salary reduced by the amount of their retirement pay, but he was assured that TSA's hiring process was different from other agencies and that his TSA salary would not be impacted by his retirement pay. Based on these assurances, he retired from the job he held at the time in California and moved to Gunnison, Colorado, to accept a position with TSA. Three months after beginning his new job, he was informed that his status as a federal retiree required TSA to reduce his pay by the amount of his retirement annuity. When he inquired as to why he had been told prior to accepting the position that his salary would not be offset by his retirement pay, he was told that TSA had granted waivers to prevent the reduction of retirees' pay in the past, but the practice had ended. Because the pay reduction made living in Gunnison unaffordable, Piper resigned from TSA and moved to Arizona.

Piper filed a claim with TSA, alleging that TSA's failure to inform him that his salary would be reduced by his retirement pay was a breach of contract. He also wrote letters to his congressional representatives. After these measures failed to afford him relief, he filed a complaint in the Court of Federal Claims asserting jurisdiction under the Tucker Act and seeking reimbursement for inter alia lost pay and relocation expenses. The government filed a motion to dismiss for lack of jurisdiction, which the court granted.

The Tucker Act gives the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create any substantive rights. Instead, it confers jurisdiction on the Court of Federal Claims only "when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages." LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). As the trial court correctly held, there is no contract in this case that would grant Tucker Act jurisdiction. The court properly found that Piper's employment with TSA was by appointment and not by contract. Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985) ("[A]bsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government.").

Piper argues that whether his TSA position was by appointment or contract is irrelevant because the harm occurred during the hiring process, and that this is a "case of failing to properly tell[] the truth to a prospective employee." This, however, does not create jurisdiction under the Tucker Act. Piper cannot show a contractual relationship between himself and the government during the hiring process any more than he can show there was one after he was employed by TSA. His suggestion that the Constitution, Title 5 of the United States Code, or the TSA Human Resources Personnel Handbook provide Tucker Act jurisdiction also fails because he has not pointed to any "substantive right enforceable against the federal government for money damages," LeBlanc, 50 F.3d at 1028, provided by any of these sources that would be applicable under the facts of this case. Instead, Piper's claim is best characterized as one of

misrepresentation, which sounds in tort and over which the Court of Federal Claims does not have jurisdiction.  28 U.S.C. § 1491(a)(1).

COSTS

No costs.